[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR STAY OF PLAINTIFF'S POSTJUDGMENT MOTION TO MODIFYALIMONY (NO. 108)
The parties' marriage was dissolved August 15, 1995. In the decree, the plaintiff was awarded $1 per year alimony. Shortly thereafter, the defendant filed a voluntary petition in bankruptcy under Chapter 7. The plaintiff now moves for a modification of the alimony; the defendant asserts that his petition operates as an automatic stay of the modification proceedings.
The defendant's claim of automatic stay fails in the light of 11 U.S.C § 362(b)(2)(A)(ii), which provides in pertinent part: "(b) The filing of a petition [in bankruptcy] ... does not operate as a stay —
A) of the commencement or continuation of an action or proceeding for —
(ii) the establishment or modification of an order for alimony, maintenance or support."
Accordingly, the defendant's motion for stay of the proceedings is denied: The plaintiff's motion for modification of alimony is ordered to be set down on the short calendar in Norwich on March 18, 1996. The parties are ordered to exchange current financial affidavits prior to said date.
So ordered. CT Page 1664
Teller, J.